IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v<br><br>LUIS PEREZ-GONZALEZ,<br><br>Defendant.<br>_____/ | No   C 06-3720<br>     CR 05-0665 VRW<br><br><br>ORDER |

    Defendant Luis Perez-Gonzalez ("defendant") has filed a motion attacking his sentence under 28 USC § 2255 claiming ineffective assistance of counsel. CR Doc #28-31. The United States filed a response urging the court to deny defendant's motion. CR Doc #33. For the reasons stated herein, defendant's motion is DENIED.

I

    On October 13, 2005, the government charged defendant with violating 8 USC § 1326 (CR Doc #1), and on October 25, 2005 a grand jury indicted defendant with the same charge (CR Doc #4).

Pursuant to § 1326, defendant faced a possible twenty year maximum sentence due to his prior deportation and criminal record. See § 1326(b); CR Doc #33 at 2. On December 27, 2005, defendant's counsel filed a motion to suppress (CR Doc #12) and on January 10, 2006, the government filed its opposition to the motion (CR Doc #13). The court held a hearing on January 24, 2006 and, at the conclusion of oral argument, the court continued the case until February 7, 2006 in order to hold an evidentiary hearing. CR Doc #16. It was during this interval that the defendant and government began their plea negotiations.

On February 16, 2006, the government filed a superceding indictment that charged defendant with two counts of illegal entry by an alien under 28 USC § 1325. CR Doc #18. The two counts together carried a maximum prison sentence of thirty months. See 28 USC § 1325(a). Twelve days later, on February 28, defendant changed his plea and entered into a formal plea agreement with the government, which was approved by the court the same day. CR Docs ## 21-23, 25.

Pursuant to the plea agreement, defendant pled guilty to two counts of illegal entry into the United States in violation of 8 USC § 1325(a). Doc #23. In the agreement, defendant admitted being a citizen of Mexico and not of the United States and entering the United States illegally, having previously committed the same offense. Id at 2. He agreed, <u>inter alia</u>, that section 2L1.2 of the Sentencing Guidelines applied to count two and that he would not "file any collateral attack on my convictions or sentence, including a petition under 28 USC § 2255, at any time in the future after I am sentenced, except for a claim that my constitutional

2

right to the effective assistance of counsel was violated." Id at 3.

On March 8, 2006, judgment was entered against the defendant. CR Doc #25. He was sentenced to a thirty-month term of imprisonment followed by one year of supervised release. Id.

Defendant first contacted the court by letter filed May 31, 2006 (CR Doc #28) and sent a second letter further elaborating the grounds for his motion that was filed June 12, 2006 (CR Doc #29). Defendant's motion rests on the argument that he received ineffective assistance of counsel in connection with his decision to enter a guilty plea. Id.

II

A challenge to a guilty plea based on a claim of ineffective assistance of counsel is analyzed using a two-part test: (1) the defendant must show that his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. Hill v Lockhart, 474 US 52, 57 (1985); Weaver v Palmateer, 455 F 3d 958, 965 (9th Cir 2006). To show deficient performance, the defendant must show that his counsel's representation fell below an objective standard of reasonableness. See United States v Rubalcaba, 811 F2d 491, 494 (9th Cir 1986), cert denied, 484 US 832 (1987). Where a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was "within the range of competence demanded of attorneys in criminal cases." Hill, 474 US at 56 (1985)(internal quotations omitted). The "court must indulge a strong presumption that counsel's conduct

falls within the wide range of reasonable professional assistance * * *." <u>Strickland v Washington</u>, 466 US 668, 689 (1984)(internal quotations omitted). In order to meet the "prejudice" requirement, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill</u>, 474 US at 59.

      A defendant's valid plea is not made involuntary because he is attempting to limit the possible maximum penalty that might be imposed if he refuses the agreement. See <u>Brady v United States</u>, 397 US 742, 751 (1970); <u>Parker v North Carolina</u>, 397 US 790, 795 (1970).

### III

      Defendant's claim for ineffective assistance of counsel is as follows. Defendant met with his counsel on or about February 24, 2006 to discuss the plea agreement that had been reached by his counsel and the United States Attorney's office. Doc ##28, 29. Defendant's counsel advised him that if he did not accept the plea agreement the government would not offer it again. Doc #28. Defendant told his counsel that he wanted to discuss the plea agreement with his parents over the weekend. Doc ##28, 29. On Monday, after considering the plea agreement over the weekend, defendant asserts that he told his counsel he did not wish to accept the plea agreement. Id. Defendant maintains that his counsel then told him that if he did not accept the plea agreement he had made his counsel "waste [his] time for nothing," and that defendant was likely to receive a seventy-two month prison sentence. Id. As a result, defendant asserts that he was "so scared by what counsel said that I refused to read [the] plea-agreement and just wanted to

get it over with and I didn't have no choice but to plea guilty * * *." Id. Defendant contends that his lawyer, by making the statement above, coerced him into pleading guilty, thereby making his plea involuntary. The court rejects this argument.

Defendant has failed to overcome the first prong of Hill, especially in light of the "strong presumption" the court must afford counsel's actions. See Strickland, 466 US at 689. Defendant offers no evidence indicating that his counsel's performance fell below an objectively reasonable standard or that his advice fell outside the range of competence demanded of attorneys in criminal cases. Advising a defendant that failing to accept a plea bargain could result in a significantly higher sentence is not unreasonable and does not constitute ineffective assistance of counsel.

Even assuming, arguendo, that defendant was able to surmount the "reasonableness" prong, defendant is unable to meet the "prejudice" prong established in Hill. Defendant bears the burden of showing that but for his counsel's error, he would have forgone a guilty plea and pursued a trial instead. See Hill, 474 US at 59. Defendant presents no evidence or argument to this effect. The court rejects defendant's contention that he was prejudiced by his attorney apprising him of the potential consequences that might stem from refusing the plea bargain. It is the attorney's duty to consult with his client on important decisions and to keep him informed of important developments. See Nunes v Mueller, 350 F 3d 1045, 1053 (9th Cir 2003). Needless to say, sentencing alternatives or possibilities are highly important factors. The ultimate authority to make fundamental decisions rests with the defendant, including deciding whether to accept a plea bargain. Id. There is

5

no rule requiring attorneys to handle their clients with white gloves. It is not coercive for defense counsel to advise or even strongly to urge a client to accept a plea agreement based on the strength of the prosecution's case. See Iaea v Sunn, 800 F 2d 861, 867 (9th Cir 1986)("Mere advice or strong urging by third parties to plead guilty based on the strength of the state's case does not constitute undue coercion.").

      Defendant, finding himself "scared" by the possibility of serving a longer prison sentence, chose to accept the plea bargain that he considered to be in his best interest. This is precisely the situation the Supreme Court addressed in Brady: "We decline to hold * * * that a guilty plea is compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged." 397 US at 751.

      Defendant's theory of coercion finds no corroboration in the record in this case. Defendant affirmed the following in his plea agreement: that he discussed the case and the plea agreement with his attorney and that his attorney provided him with all the legal advice he requested before signing the agreement; that he made the decision to plead guilty knowing the charges, possible defenses, and the benefits and risks associated with going to trial; that his decision to plead guilty was made voluntarily and that no one coerced or threatened him to sign the plea agreement; and that he read the entire plea agreement in the presence of his attorney. CR Doc #23 at 4-5.

In his application for permission to enter a guilty plea, defendant declared, as pertinent here, the following:

> (6) My lawyer has counselled [sic] and advised me on the nature of each charge, on all lesser included charges, and on all possible defenses that I might have in this case. My lawyer has given me the time and attention needed to give my case full consideration. I have no complaint of any kind about the nature or quality of my lawyer's services to or representation of me.
>
> * * *
>
> (17) I am satisfied that my lawyer has done all that a lawyer could do to counsel and assist me, and I am satisfied with the advice and help my lawyer has given me.
>
> * * *
>
> (20) My decision to plead "GUILTY" has not been forced or coerced by any threats or compulsion, direct or indirect, to or upon me or any other person.
>
> (21) I OFFER MY PLEA OF "GUILTY" FREELY AND VOLUNTARILY AND OF MY OWN ACCORD AND WITH FULL UNDERSTANDING OF ALL THE MATTERS SET FORTH IN THE INDICTMENT AND IN THIS APPLICATION AND IN THE CERTIFICATE OF MY LAWYER WHICH IS ATTACHED TO THIS APPLICATION, AND I REQUEST THAT THE COURT ACCEPT MY PLEA OR PLEAS OF "GUILTY."

CR Doc #22 (capital letters in original).

Defendant subsequently affirmed during the court's Rule 11 colloquy that no one threatened or pressured him to plead guilty (CR Doc #35 at 12), that he was pleading freely and voluntarily (id at 13) and that he had no questions he wanted to ask the court prior to sentencing (id). Accordingly, the court found that defendant's plea was "made voluntarily and not as the result of ignorance, inadvertence, coercion or fear or of any matters not disclosed in the record." Id at 15. The court accepted defendant's guilty plea and sentenced the defendant in accordance with the parties' agreement. Id at 15, 19.

//

Defendant has presented no evidence to persuade the court that its earlier determination of voluntariness should be reconsidered.

The defendant's motion is DENIED. The clerk is directed to close file number C 06-3720.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

USA,

        Plaintiff,

v.

Luis Perez-Gonzalez,

        Defendant.
_____/

Case Number: CR05-0665 VRW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 20, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Andrew P. Caputo
Department of Justice
450 Golden Gate Avenue
11th Floor
San Francisco, CA 94102

Josh Alan Cohen
Office of the Public Defender
450 Golden Gate Avenue
19th floor
San Francisco, CA 94102

Dated: February 20, 2007

                                        Richard W. Wieking, Clerk
                                        By: Cora Klein, Deputy Clerk

*/s/ Cora Klein*